## J. C. Haynes *v.* The State.

1. Charge of the Court.— The accused was indicted under art. 679 of the Penal Code for the wilful killing of a cow. In the charge the court embraced all of the animals and birds named in the Code. While this court does not hold such error sufficient for reversal, the propriety of confining the charge to the animal named in the indictment is suggested.

2. SAME. — After charging that, to convict, the jury must believe the defendant guilty beyond a reasonable doubt, the court further charged: * * * "if you believe from the evidence, beyond a reasonable doubt, that the defendant is not guilty as charged in the indictment, you will simply say so in your verdict." *Held*, error as requiring the jury to believe the defendant's innocence beyond a reasonable doubt, before they could acquit him. Such a charge is fundamentally erroneous, though neither bill of exception nor statement of facts is brought up in the record.

APPEAL from the County Court of Hood.     Tried below before the Hon. T. J. DUKE, County Judge.

The opinion discloses the case.     The fine imposed by the verdict was ten dollars.

No brief for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

HURT, J.     Appellant was indicted and convicted for a violation of art. 679 of the Penal Code, which reads as follows: "If any person shall wilfully kill, wound, maim, poison or disfigure any horse, ass, mule, cattle, sheep, goat, swine, dog, or other domesticated animal, or any domesticated bird of another, with intent to injure the owner thereof, he shall be fined not less than ten nor more than two hundred dollars.     And in prosecutions under this act, the intent to injure may be presumed from the perpetration of the act."

The defendant was charged with wilfully killing a cow. The learned judge embraced in his charge all of the animals named in the act, and also the domesticated birds. While it is true that the jury's attention was specially called to the cow, we most earnestly recommend that the charge be confined to the animal named in the indictment. We are not to be understood as holding that such a charge would necessitate a reversal.

The learned judge charged the jury that to convict

they must believe the defendant guilty beyond a reason-able doubt. Then taking the other end of track he charged: "I further charge you, gentleman, that if you belive from the evidence, beyond a reasonable doubt, that the defendant, J. C. Haynes, is not guilty as charged in the indictment, you will simply say so in your verdict and no more."

These charges placed that jury in a very perplexing position. If the evidence was not sufficient to generate in their minds the belief of his guilt beyond a reasonable doubt, they were charged not to convict. On the other hand, if there was a reasonable doubt of his innocence they could not acquit, because they were required to believe him innocent beyond a reasonable doubt. The jury in a criminal case is never called upon to pass upon the innocence of the defendant — it is his guilt and not his innocence which is to be ascertained. We think the error in this charge is fundamental, and, whether objected to or not, is cause for reversal. Nor is it affected by a want of a statement of facts, for under no statement of facts could this charge be proper. Not only so, such a charge would be radically wrong, under any statement of facts.

For the error in the charge, the judgment is reversed and the cause remanded.

*Reversed and remanded.*